

**FILED & ENTERED**

**AUG 28 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell **DEPUTY CLERK**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CARLOS JOEL ARMIENTA<br>and TANIA GISELA ARMIENTA,<br><br>Debtors. | Case No. 2:18-bk-15579-RK<br><br>Chapter 7<br><br>**ORDER (1) DENYING MOTION OF DEBTOR TANIA GISELA ARMIENTA FOR CONTEMPT AGAINST NISSAN MOTOR ACCEPTANCE CORPORATION FOR THEIR INTENTIONAL VIOLATION OF THE BANKRUPTCY DISCHARGE INJUNCTION; (2) VACATING HEARING ON MOTION; (3) IMPOSING SANCTIONS ON DEBTOR'S COUNSEL FOR VIOLATIONS OF LOCAL BANKRUPTCY RULES**<br><br>**Vacated Hearing on Motion**<br>Date:  September 3, 2019<br>Time:  2:30 p.m.<br><br>**Hearing on Sanctions**<br>Date: September 17. 2019<br>Time: 1:30 p.m.<br>Place: Courtroom 1675<br>   Roybal Federal Building<br>   255 East Temple Street<br>   Los Angeles, California  90012 |

TO DEBTORS CARLOS JOEL ARMIENTA AND TANIA GISELA ARMIENTA AND THEIR COUNSEL OF RECORD, LAUREN TEGAN RODKEY AND YOUSSEF H. HAMMOUD, OF THE PRICE LAW GROUP, AND INTERESTED PARTIES:

      Pending before this court is the Motion of Debtor Tania Gisela Armienta ("Debtor") for Contempt Against Nissan Motor Acceptance Corporation for their Intentional Violation of the Bankruptcy Discharge Injunction ("Motion") (Docket No. 18), filed on July 29, 2019.

      Having considered the Motion, the court determines that oral argument on the Motion is unnecessary and dispenses with it pursuant to Local Bankruptcy Rule 9013-1(j)(2), takes the Motion under submission, vacates the hearing on the Motion noticed for September 3, 2019 at 2:30 p.m. and rules on the Motion as follows.

      The Motion should be denied because it was filed in violation of Local Bankruptcy Rules ("LBR") 9020-1 and 9013-1.  By their motion, Debtor alleges various factual contentions that the Nissan Motor Acceptance Corporation ("Nissan") attempted to collect a discharged debt in violation of the discharge injunction in this case under 11 U.S.C. §524(a)(2) and requests that court hold Nissan in contempt for violating the discharge injunction.

      The remedy to enforce a discharge injunction is a motion for civil contempt under 11 U.S.C. § 105(a).  *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 507 (9th Cir. 2002). Motions for civil contempt in this bankruptcy court are governed by LBR 9020-1, which provides: "Unless otherwise ordered by the court, contempt proceedings are initiated by filing a motion that conforms with LBR 9013-1, and a lodged order to show cause. Cause must be shown by filing a written explanation why the party should not be held in contempt and by appearing at the hearing."  LBR 9020-1(a).  LBR 9013-1(i) provides in pertinent part: "Factual contentions involved in any motion, opposition or other response to a motion, a reply, must be presented, heard, and determined upon declarations and other evidence."  *See also,* 28 U.S.C. §1746 (unsworn declarations must be under penalty of perjury).   LBR 9020-1(d)(2) provides: "No hearing on the motion for issuance

1 of the order to show cause will be held unless the court so orders."

2 The Motion was filed in violation of these rules.  First, the Motion does not comply with the order to show cause procedure of LBR 9020-1 in violation of LBR 9020-1(a).  No motion for an order to show cause conforming with LBR 9013-1 was filed, and no proposed order to show cause was lodged, as required by LBR 9020-1(a).  Second, the Motion did not conform with LBR 9013-1 as required by LBR 9020-1(a) because the factual contentions that Nissan attempted to collect a discharged debt are not supported by declarations or other evidence in violation of LBR 9013-1(i).  The Motion was noticed for hearing in violation of LBR 9020-1(d)(2) that provides that no hearing on the motion will be held unless ordered by the court.

The court has authority to impose sanctions for violations of the Local Bankruptcy Rules pursuant to Local Bankruptcy Rules 1001-1(f), 9011-3(a) and (c) and 11 U.S.C. §105(a).  As Local Bankruptcy Rule 9011-3(c) provides failure to fully comply with the Local Bankruptcy Rules subjects the offender and attorney to appropriate discipline, including imposition of costs and attorneys' fees and other sanctions.

Debtor filed the Motion through counsel, Attorneys Lauren Tegan Rodney and Youssef H. Hammoud, of the Price Law Group, APC, who either signed, filed and/or reviewed the Motion.  The court has no reason to fault Debtor for the Motion filed in violation of the rules since it appears that their attorneys prepared the Motion and the violations are their fault.  The attorneys filed, signed and/or reviewed the Motion in violations of the rules because either they did not read the Local Bankruptcy Rules, or they read the Local Bankruptcy Rules and did not understand and follow them, either of which is cause to impose sanctions against them pursuant to Local Bankruptcy Rules 1001-1(f), 9011-3(a) and (c) and 11 U.S.C. §105(a).

Accordingly, the court imposes remedial sanctions against Attorneys Lauren Tegan Rodney and Youssef H. Hammoud, of the Price Law Group, APC,  and ordering each of them as remedial sanctions to read Rules 9020-1 and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of

California and file a declaration under penalty of perjury that they have read and understood these rules and will obey them in the future, and these declarations must be filed on or before September 10, 2019.

    Since the court has imposed sanctions against these attorneys without a prior hearing, the court sets a hearing on the imposition of sanctions on September 17, 2019 at 1:30 p.m. before the undersigned United States Bankruptcy Judge in Courtroom 1675, Roybal Federal Building, 255 East Temple Street, Los Angeles, California  90012 to give the attorneys an opportunity to be heard and request reconsideration of the imposition of these sanctions.  If the attorneys file the declarations as ordered as remedial sanctions by September 17, 2019, the court will assume that they have complied with this order and are not asking reconsideration, and the court will vacate the hearing.

    If the attorneys do not file the declarations as ordered as remedial sanctions, they are ordered to appear on September 17, 2019 at 1:30 p.m. before the undersigned United States Bankruptcy Judge in Courtroom 1675, Roybal Federal Building, 255 East Temple Street, Los Angeles, California  90012 to show cause why monetary sanctions should not be imposed against them for filing the Motion in violation of the court's rules as discussed above.

    Accordingly, the court denies the Motion without prejudice, meaning that Debtor may file an amended motion for an order to show cause regarding civil contempt, which complies with the requirements of Local Bankruptcy Rules 9020-1 and 9013-1.  The court hereby vacates the hearing on the Motion noticed for September 3, 2019 at 2:30 p.m.

IT IS SO ORDERED.    ##

Date: August 28, 2019

_____
Robert Kwan
United States Bankruptcy Judge